IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| REGINALD EADEN, § § § | |
| Plaintiff, § § | Civil Action No. 4:17-cv-02908 |
| v. § § | |
| KORNERSTONE CREDIT, LLC F/K/A § CREST FINANCIAL SERVICES. § § | **Jury Trial Demanded** |
| Defendant. § § | |

## AMENDED COMPLAINT

REGINALD EADEN ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against KORNERSTONE CREDIT, LLC, F/K/A CREST FINANCIAL SERVICES. ("DEFENDANT"):

### INTRODUCTION

1. Plaintiff's Amended Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. At all times relevant hereto, Plaintiff was a resident of Texas. Furthermore, Defendant regularly conducts business in the State of Texas, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person living in Cypress, Texas 77429.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its principal place of business located at 1111 Draper Parkway #200 Draper , Utah 84020.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for at least one year.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in or around October 2013, and continuing through at least May 2017, Defendant called Plaintiff repetitively on his cellular telephone

13. Defendant's calls originated from phone numbers that include, but are not necessarily limited to the following number: (855) 552-7378. The undersigned has confirmed that this phone number belongs to the Defendant.

14. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded voice.

15. Plaintiff knew that Defendant was using an automatic telephone dialing system and/or pre-recorded voice as its calls began with a recording before the calls were transferred to live agents.

16. Defendant's telephone calls were not made for "emergency purposes."

17. In an attempt to stop Defendant's excessive calling, Plaintiff spoke with Defendant in or around the fall of 2013 and revoked any previously given consent for Defendant to call his cellular telephone number.

18. Once Defendant was informed that its calls were unwanted and to stop calling, any further calls could only have been made for the purposes of harassment.

19. Rather than restricting its calls to Plaintiff's cellular telephone, Defendant ignored Plaintiff's revocation and continued to call Plaintiff.

20. Plaintiff ultimately downloaded a blocking application in order to stop Defendant's harassing calls after his demand to stop calling was ignored by Defendant.

21. Defendant's acts and omissions were in violation of the Telephone Consumer Protection Act.

### RELEVANT PROCEDURAL HISTORY

22. Plaintiff filed suit against Crest Financial on September 28, 2017.

23. At Crest Financial's request, the parties removed the action from federal court to AAA arbitration.

24. Crest Financial then became non-responsive and failed to pay the AAA arbitration fees.

25. Plaintiff was advised some time in 2018 that Crest Financial had gone out of business.

26. In the weeks prior to the filing of the instant Amended Complaint, Plaintiff learned that Crest Financial has taken on a new corporate identity- Kornerstone Credit.

27. In order to preserve Plaintiff's rights, he now files an Amended Complaint.

28. The statute of limitations for all claims is tolled as of the date of the filing of the

original Complaint.

# COUNT I
# DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

31. Defendant's calls to Plaintiff were not made for "emergency purposes."

32. Defendant's calls to Plaintiff, in and after fall 2013, were not made with Plaintiff's prior express consent.

33. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

34. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, REGINALD EADEN, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, REGINALD EADEN, demands a jury trial in this case.

                                                      Respectfully submitted,

DATED: March 14, 2019                    By: */s/ Amy Lynn Bennecoff Ginsburg*
                                                      Amy Lynn Bennecoff Ginsburg, Esq.
                                                        Kimmel & Silverman, P.C.
                                                        30 East Butler Pike
                                                        Ambler, PA 19002
                                                        Telephone: (215) 540-8888
                                                        Facsimile (215) 540-8817
                                                        Email: aginsburg@creditlaw.com