KOR.10850

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| REGINALD EADEN, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 4:17-cv-02908 |
| KORNERSTONE CREDIT, LLC f/k/a | § | |
| CREST FINANCIAL SERVICES, | § | |
| | § | |
|    Defendant. | § | |

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Kornerstone Credit, LLC, Defendant in the above styled and numbered cause, and files this Original Answer to Plaintiff's Amended Complaint:

## INTRODUCTION

1. Defendant admits that the Plaintiff has asserted a claim for *alleged* violation of the Telephone Consumer Protection Act, but denies engaging in any *alleged* wrongdoing.

## JURISDICTION AND VENUE

2. Defendant admits the allegations contained in paragraph no. 2 of Plaintiff's Amended Complaint.

3. Defendant admits the allegations contained in paragraph no. 3 of Plaintiff's Amended Complaint.

4. Defendant admits the allegations contained in paragraph no. 4 of Plaintiff's Amended Complaint.

## **PARTIES**

5.      Defendant is without sufficient knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph no. 5 of Plaintiff's Amended Complaint at this time, and therefore denies same.

6.      Defendant admits the allegations contained in paragraph no. 6 of Plaintiff's Amended Complaint.

7.      Defendant admits the allegations contained in paragraph no. 7 of Plaintiff's Amended Complaint.

8.      Defendant admits that it is a limited liability company with its principle place of business located at 1111 Draper Parkway, #200, Draper, Utah 84020 as alleged in paragraph no. 8 of Plaintiff's Amended Complaint.

9.      Defendant denies engaging in any of the *alleged* wrongful actions and conduct detailed throughout Plaintiff's Amended Complaint.  Accordingly, the allegations contained in paragraph no. 9 of Plaintiff's Amended Complaint are denied.

## **FACTUAL ALLEGATIONS**

10.      Defendant is without sufficient knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph no. 10 of Plaintiff's Amended Complaint at this time, and therefore denies same.

11.      Defendant is without sufficient knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph no. 11 of Plaintiff's Amended Complaint at this time, and therefore denies same.

12.      Defendant denies the allegations contained in paragraph no. 12 of Plaintiff's Amended Complaint.

13. Defendant denies the allegations contained in paragraph no. 13 of Plaintiff's Amended Complaint.

14. Defendant denies the allegations contained in paragraph no. 14 of Plaintiff's Amended Complaint.

15. Defendant denies the allegations contained in paragraph no. 15 of Plaintiff's Amended Complaint.

16. Defendant denies placing any telephone calls to the Plaintiff, at any time. Accordingly, the allegations contained in paragraph no. 16 of Plaintiff's Amended Complaint are denied.

17. Defendant denies placing any telephone calls to the Plaintiff, at any time, and denies speaking with the Plaintiff, at any time. Accordingly, the allegations contained in paragraph no. 17 of Plaintiff's Amended Complaint are denied.

18. Defendant denies placing any telephone calls to the Plaintiff, at any time, and denies speaking with the Plaintiff, at any time. Accordingly, the allegations contained in paragraph no. 18 of Plaintiff's Amended Complaint are denied.

19. Defendant denies placing any telephone calls to the Plaintiff, at any time, and denies speaking with the Plaintiff, at any time. Accordingly, the allegations contained in paragraph no. 19 of Plaintiff's Amended Complaint are denied.

20. Defendant denies placing any telephone calls to the Plaintiff, at any time, and denies speaking with the Plaintiff, at any time. Accordingly, the allegations contained in paragraph no. 20 of Plaintiff's Amended Complaint are denied.

21. Defendant denies the allegations contained in paragraph no. 21 of Plaintiff's Amended Complaint.

## RELEVANT PROCEDURAL HISTORY

22.     Defendant admits the allegations contained in paragraph no. 22 of Plaintiff's Amended Complaint.

23.     Defendant admits the allegations contained in paragraph no. 23 of Plaintiff's Amended Complaint.

24.     Defendant denies that Crest Financial "became non-responsive", but admits that Crest Financial went out of business and was, upon information and belief, unable to pay the AAA arbitration fees  as alleged in paragraph no. 24 of Plaintiff's Amended Complaint.

25.     Defendant is without sufficient knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph no. 25 of Plaintiff's Amended Complaint at this time, and therefore denies same.

26.     Defendant denies the allegations contained in paragraph no. 26 of Plaintiff's Amended Complaint.  Defendant Kornerstone Credit, LLC is a separate, independent entity that came into existence after all of the *alleged* wrongful actions and conduct (described in Plaintiff's Amended Complaint) occurred.  There is no commonality of ownership between Kornerstone Credit, LLC and Crest Financial Services.  After Crest Financial Services went out of business Kornerstone Credit, LLC foreclosed on and subsequently purchased certain assets that were previously owned by Crest Financial Services.  Kornerstone Credit, LLC operates under a different underwriting model, and never purchased or assumed – or agreed to purchase or assume – any liabilities (and *alleged* liabilities) of Crest Financial Services.

27.     Defendant acknowledges that the Plaintiff filed an Amended Complaint on or about March 14, 2019 as alleged in paragraph no. 27 of Plaintiff's Amended Complaint.

28.     Defendant denies the allegations contained in paragraph no. 28 of Plaintiff's Amended Complaint.

## COUNT 1

## "DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT"

29.     Defendant does to believe that any substantive response is needed to paragraph no. 29 of Plaintiff's Amended Complaint.

30.     Defendant denies the allegations contained in paragraph no. 30 of Plaintiff's Amended Complaint.

31.     Defendant denies the allegations contained in paragraph no. 31 of Plaintiff's Amended Complaint.

32.     Defendant denies the allegations contained in paragraph no. 32 of Plaintiff's Amended Complaint.

33.     Defendant denies the allegations contained in paragraph no. 33 of Plaintiff's Amended Complaint.

34.     Defendant denies the allegations contained in paragraph no. 34 of Plaintiff's Amended Complaint.

35.     Defendant denies the allegations contained in paragraph no. 35 of Plaintiff's Amended Complaint.

36.     Additionally, Defendant denies that the Plaintiff is entitled to recover any of the damages prayed for on page nos. 4 & 5 of Plaintiff's Amended Complaint.

## AFFIRMATIVE DEFENSES

**A.     First Affirmative Defense**

Defendant alleges – will prove – that it is an improper party in this case and that it is not liable in the capacity in which it has been sued.

**B.     Second Affirmative Defense**

Plaintiff's claim is barred, in whole or in part, by limitations.

C.      **Third Affirmative Defense**

Plaintiff's claim is barred, in whole or in part, by laches.

Pursuant to FRCP § 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts are not available after reasonable inquiry upon the filing of this Original Answer to Plaintiff's Amended Complaint, and, therefore, Defendant reserves the right to amend its Original Answer to Plaintiff's Amended Complaint to allege additional affirmative defenses if subsequent investigation so warrants.

WHEREFORE, premises considered, Defendant Kornerstone Credit, LLC, prays for judgment as follows:

1.      That Plaintiff take nothing by reason of the Complaint on file herein;

2.      That the same be dismissed with prejudice; and

3.      That the answering Defendant be awarded costs and reasonable attorney's fees incurred herein.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P**

**HOWARD J. KLATSKY**
State Bar No. 00786024
hklatsky@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240

972-980-3255
972-934-9200 [Fax]

**ATTORNEY FOR DEFENDANT**
**KORNERSTONE CREDIT, LLC**

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 13th day of May, 2019, I served a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record in this cause of action as follows.

***Via E-filing & Facsimile***
Amy Lynn Bennecoff Ginsburg
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA  19002

**HOWARD J. KLATSKY**