# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| REGINALD EADEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-17-2908 |
| | § | |
| KORNERSTONE CREDIT, LLC f/k/a | § | |
| CREST FINANCIAL SERVICES, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Reginald Eaden has moved to amend his complaint and to substitute a new party under Rule 15 and Rule 25. FED. R. CIV. P. 15(a)(2), 25(c); (Docket Entry No. 26). Eaden originally sued Crest Financial Services, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227. (Docket Entry No. 1). The parties stipulated to arbitrate the dispute, and in 2018, the court granted Eaden's motion to reinstate the complaint after Crest failed to participate in the arbitration. (Docket Entry No. 8). Crest went out of business, and Eaden amended his complaint to add Kornerstone Credit as the likely successor to Crest. (Docket Entry No. 13). Eaden has since learned that Debt Management Partners, LLC, rather than Kornerstone Credit, acquired his account from Crest. (Docket Entry No. 27 at 2).

Rule 15(a) provides that a party may amend his or her pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, a party may amend only with the "opposing party's written consent or the court's leave." *Id.* Although leave to amend pleadings should be "freely give[n] when justice so requires," *id.*, leave to amend "is not

automatic." *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013) (citing *Muttathottil v. Mansfield*, 381 F. App'x 454, 457 (5th Cir. 2010).

Eaden argues that the court should allow him to amend because Crest ceased doing business and he only recently learned that Debt Management Partners acquired his account from Crest. (Docket Entry No. 26). According to Eaden, Rule 25(c) allows him to substitute the parties and provides the basis to amend. (*Id.*). Rule 25(c) of the Federal Rules of Civil Procedure provides:

> If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

FED. R. CIV. P. 25(c). Service as provided in Rule 25(a)(3) requires that "[a] motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." Fed. R. Civ. P. 25(a)(3); *see also* 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1958 (the motion to substitute must be served on nonparties as provided in Rule 4).

Eaden has served all parties of record, (Docket Entry No. 26 at 4), but has not served Debt Management Partners, a nonparty, as provided in Rule 4 and as required by Rule 25(a)(3). The motions to amend the complaint and substitute parties are denied, without prejudice. Eaden may move to amend and to substitute again, after serving Debt Management Partners, LLC, as provided in Rule 4.

SIGNED on October 22, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge